# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HYDROXYCUT MARKETING AND SALES PRACTICES LITIGATION | Case No. 09md2087 BTM(AJB) |
| PHILLIP D. SIMS and CAROL SIMS, <br> Plaintiffs, <br> v. <br> IOVATE HEALTH SCIENCES, U.S.A., INC., et al., <br> Defendants. | Case No. 10cv1240 BTM(AJB) <br> **ORDER RE MOTION TO DISMISS COUNT VI** |

Defendants move to dismiss Count VI of Plaintiffs' complaint on the ground that Tennessee's Consumer Protection Act ("TCPA") does not permit recovery for personal injury claims. Defendants do not dispute that Plaintiffs have properly pled an unfair or deceptive act declared unlawful under the TCPA, but rather argue that Plaintiffs have failed to plead economic loss necessary to state a TCPA claim.

Under Tennessee law, a plaintiff cannot recover for personal injuries resulting from alleged violations of the TCPA. *Howard v. R.J. Reynolds Tobacco Co.*, No. 05-CV-27, 2005 U.S. Dist. LEXIS 34458, at *9 (E.D. Tenn. Aug. 25, 2005). However, a plaintiff may assert a claim under the TCPA in the same action as a separate claim for personal injuries, so long as the TCPA claim is based on non-personal, economic injuries resulting from Defendants' alleged unfair or deceptive acts. *Id.*

Here, Defendants are correct to note that Plaintiffs primarily seek personal injury

damages for a stroke suffered by Mr. Sims, allegedly caused by use of a Hydroxycut product. Such damages are not cognizable under the TCPA.

However, Plaintiffs do not seek personal injury damages alone. Plaintiffs allege that "beginning in 2009 and thereafter," Mr. Sims made purchases of a Hydroxycut product (compl. ¶ 53) and seek "restitution of all purchase costs that Plaintiffs' incurred" (compl. at pg. 32). Plaintiffs have stated a claim under the TCPA based upon Plaintiffs' claim for recovery of money spent to make these purchases. *See* Tenn. Code Ann. § 47-18-109.

Defendants, in the reply brief, restyle their motion as a "Motion to Dismiss Counts II, III and VI of Plaintiffs' complaint" and for the first time include a separate section arguing that product liability claims in Counts II and III are insufficiently pled. The Court will not consider these arguments. *See Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam) ("Issues raised for the first time in the reply brief are waived.").

Defendants' opening brief includes a footnote with two sentences stating that Counts II and III should be dismissed under Tennessee law because the Complaint does not "state an amount of said suit sought to be recovered." (Mot. at 4, n.2)  Defendants' reply contains no explanation as to why this argument was relegated to a footnote in their motion to dismiss Count VI of the complaint. The Court finds that this footnote is insufficient to present for determination Defendants' argument that Counts II and III should be dismissed. *See Henderson v. Petersen*, 2010 U.S. Dist. LEXIS 107936 (N.D. Cal. Sept. 30, 2010) ("The bare assertion of an issue in an opening brief is insufficient to present the matter for determination.")

For the reasons discussed above, Defendants' motion to dismiss [ 09md2087 (Doc. No. 277); 10cv1240 (Doc. No. 12)] is **DENIED**. Defendants shall file an answer to the complaint within <u>fifteen days</u> of entry of this order.

**IT IS SO ORDERED.**
DATED: March 23, 2011

Honorable Barry Ted Moskowitz
United States District Judge